THE STATE, ROBERT D. MARTIN, PROSECUTOR, v. LEWIS STANABACK, OVERSEER OF THE POOR OF HARDYSTON, IN THE COUNTY OF SUSSEX.

The settlement of a bastard child is at the place of the legal settlement of its mother at the time of its birth, but unless it appears that the mother has a legal settlement elsewhere in the state, the legal settlement of a bastard child must be held to be in the township where it is born.

On *certiorari* in matter of bastardy

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *James F. Conklin.*

For the defendant, *Francis J. Swayze.*

The opinion of the court was delivered by

VAN SYCKEL, J. The proceedings which have been certified into this court for review were instituted against the relator under section 28 of the Bastardy act. *Rev., p.* 75.

The result below was adverse to the putative father of the bastard, and a warrant was thereupon issued directing his goods and chattels to be seized, and his lands to be let for and towards the maintenance of the said child, in pursuance of the statute.

To reverse these proceedings is the object of this suit.

A number of objections have been urged to their regularity and legality, of which it will be necessary to consider but one.

It is admitted by counsel of the respective parties that the only evidence adduced before the justices was the examination of Addie Blair, the mother of the child, which is made part of this case.

This testimony, taken under oath before the said justices, was as follows:

"The examination of Addie Blair, of the township of Hardyston, in the county of Sussex and State of New Jersey, single woman, taken ·upon oath before us, Bevier Peterson and William S. Smith, two of the justices of the peace in and for said county, this twentieth day of November, eighteen hundred and ninety, who saith, that on the twentieth day of November, eighteen hundred and eighty-nine, at Branchville, in the township of Frankford, in the said county of Sussex, she, the said Addie Blair, was delivered of a female bastard child, and that the said bastard child is likely to become chargeable to the said township of Hardyston, and that

Robert Martin, late of the said township of Hardyston, farmer, did get her with child of the said bastard child.

"ADDIE BLAIR."

From this affidavit of the mother it appears that the bastard child was born in Frankford township, in the county of Sussex, and there is an entire absence of evidence to show that the settlement of the mother was in Hardyston.

The settlement of a bastard child is at the place of the legal settlement of its mother at the time of its birth, and the settlement of the bastard does not change by a subsequent change in that of the mother. *Nottingham* v. *Amwell*, 1 *Zab.* 27; *Paterson* v. *Byram*, 3 *Id.* 394.

But unless the mother has a legal settlement elsewhere in the state, the legal settlement of a bastard child is in the town or township where born. There being no evidence to show where the legal settlement of the mother in this case was, it must be assumed that the legal settlement of the bastard was not in Hardyston, but in the township of Frankford. *McCoy* v. *Newton*, 8 *Vroom* 133.

The overseer of Hardyston, therefore, had no right to institute these proceedings—they must be taken by the overseer of the township to which the bastard is legally chargeable.

The proceedings below must be set aside, with costs.